UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 07-22121-CIV-MORENO

HERNAN PRADA CORTES,

    Plaintiff,
vs.

ADALBERTO J. JORDAN and EDWIN G. TORRES,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

The Plaintiff, Hernan Prada Cortes, currently a criminal defendant in a case before United States District Judge Adalberto Jordan, filed this action *pro se* against Defendants District Judge Adalberto Jordan and Magistrate Judge Edwin Torres seeking declaratory and injunctive relief. The Plaintiff alleges that the Defendant Judges have violated his constitutional rights and Sections 1983, 1985, and 1988 of Title 42 of the United States Code stemming from actions taken while presiding over the Plaintiff's pending criminal case. Because this Court finds *sua sponte* that Judge Jordan and Magistrate Judge Torres are absolutely immune from this suit, this case is dismissed.

## BACKGROUND

The Plaintiff, Hernan Prada Cortes, is a citizen of Colombia extradited on federal drug conspiracy charges and currently incarcerated in the Miami Federal Detention Center awaiting trial as a criminal defendant in the case of <u>United States v. Hernan Prada</u>, No. 04-20446-CR-JORDAN. In that case, the Plaintiff has fired his attorney, Mr. Alan Ross, and has asked to be represented by a lay person, Mr. Robert James Fox. Judge Jordan denied the Plaintiff's request

because the Plaintiff does not have a Sixth Amendment right to be represented by a lay person at trial and Mr. Fox has declined to be present for hearings in the case. Judge Jordan then appointed CJA counsel, Luis Guerra, Esq., to represent the Plaintiff after the Plaintiff stated in open court that he did not wish to represent himself. The Plaintiff then filed a Motion for Refund of Attorney's Fees, which Judge Jordan referred to Defendant Magistrate Judge Torres. Subsequently, the Plaintiff filed this suit on August 16, 2007 against Judge Jordan, the federal judge presiding over the Plaintiff's pending criminal case, and Magistrate Judge Torres, the magistrate judge presiding over the Plaintiff's Motion for Refund of Attorney's Fees.

On July 3, 2007, the Plaintiff, acting *pro se* despite the appointment of CJA counsel Mr. Luis Guerra, filed an affidavit in his criminal matter entitled "Affidavit of Bias and Prejudice by Hernan Prada Cortes," which requested Judge Jordan to recuse himself from the Plaintiff's criminal case amidst a sea of insults, nonsensical rambling, citations to various legal precedent, biblical allusions, and accusations.[1] In particular, the Plaintiff, in his "affidavit"[2] refers to Judge Jordan throughout as a "bar terrorist" and a "shyster," and accuses him of being a "despotic tyrant," a "lawless evil miscreant," a "pettifogger shyster groveling for filthy lucre," and a "cretin [who] knows or should know he cannot put the meow back in the cat." Additionally, the Plaintiff claims that Judge Jordan has lied; prevented him from being fairly represented; impaired the obligation of contract between the Plaintiff and his former attorney, Mr. Alan Ross,

---

[1] The Government moved for a mental competency determination based on the content of Plaintiff's numerous *pro se* filings pursuant to 18 U.S.C. §§ 4241 and 4247. Judge Jordan held a hearing on the issue and subsequently denied the Government's motion.

[2] Judge Jordan treated the "affidavit" as a motion for recusal and denied it, noting that he is not required to accept as true a party's legal theories simply because they are entitled "affidavits."

regarding a refund[3]; discriminated against him and favored the prosecution; violated his due process rights by depriving him of the assistance of a lay person, Mr. Robert Fox, at trial; and violated the extradition treaty by allowing the Government to present evidence from the early 1980s.  The Plaintiff also based his recusal request on the fact that court-appointed counsel will not sign a contract (one that the Plaintiff personally drafted) in order to represent him.  The Plaintiff then filed this suit.

In the Complaint, the Plaintiff is seeking injunctive and declaratory relief and alleges three causes of action: (1) Judge Jordan "failed and neglected to properly respond by counter affidavit to my 'Affidavit of Bias and Prejudice by Hernan Prada-Cortes'"; (2) Judge Jordan "has evidenced discrimination and has actually lied about the discrimination inflicted upon me"; and (3) Judge Jordan "brought Edwin G. Torres into the matter in order to facilitate impairing the obligation of contract."

## DISCUSSION

The Plaintiff is seeking both injunctive and declaratory relief.  "Judges are entitled to absolute immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)).  In 1996, Congress passed the Federal Courts Improvement Act, Pub. L. No. 104-317, 110 Stat. 3847 (1996), amending § 1983 and protecting judges from injunctive relief, providing that "in any action brought against a judicial officer for an act or omission taken in such officer's

---

[3] Judge Jordan referred the Plaintiff's request for a refund from Mr. Ross to Magistrate Judge Edwin Torres, who has held a hearing on the issue.

judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In <u>Bolin</u>, the Eleventh Circuit held that federal judges are granted absolute immunity from injunctive relief claims. <u>Bolin</u>, 225 F.3d at 1242. Therefore, the Plaintiff's claim for injunctive relief is dismissed.

The <u>Bolin</u> court, however, declined to address whether federal judges enjoy absolute immunity from declaratory relief claims, instead affirming the district court's dismissal in that case for failure to meet the declaratory relief requirements. <u>Id.</u> at 1243 (finding that there was another adequate remedy at law). In order to receive declaratory relief, a plaintiff must establish that there was a violation, a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law. <u>Id.</u> at 1242. Upon reviewing the "four corners" of Plaintiff's Complaint, the Plaintiff has failed to establish a single prerequisite that would entitle him to declaratory relief.

First, the Plaintiff has not alleged a cognizable deprivation of his constitutional rights. Judge Jordan's decision not to respond by counter affidavit to the Plaintiff's "affidavit" does not rise to the level of a constitutional violation, or any violation for that matter. The Plaintiff's conclusory assertion that Judge Jordan has discriminated against him in his criminal case is also insufficient. The Plaintiff's allegation that Judge Jordan's referral of his Motion for Refund of Attorney's Fees to Magistrate Judge Torres was done to "facilitate impairing the obligation of contract" is irrational and facially without merit. Second, absent a properly alleged violation, there is no serious risk of continuing irreparable injury if the requested relief is not granted. Third, this Court follows the Eleventh Circuit's opinion in <u>Bolin</u> in holding that there is an adequate remedy at law for the violations alleged by the Plaintiff in his Complaint. See <u>Bolin</u>,

225 F.3d at 1242-43.  Specifically, the Plaintiff may appeal any rulings or actions taken in his criminal case to the Eleventh Circuit and also to the Supreme Court of the United States.  Id. at 1243.  Therefore, the Plaintiff's claim for declaratory relief is dismissed.

The Court recognizes that it raises the affirmative defense of judicial immunity *sua sponte*.  See Sibley v. Gersten, et al., No. 00-3665-CIV-MORENO (S.D. Fla. Oct. 3, 2000), aff'd, No. 00-15833 (11th Cir. Mar. 13, 2001).  The Eleventh Circuit in Mordkofsky v. Calabresi, 159 F. App'x 938 (11th Cir. 2005) held that the district court erred in dismissing *sua sponte* the plaintiff's complaint for lack of subject matter jurisdiction based on judicial immunity.  Id. at 938.  The Eleventh Circuit held that although the complaint was "clearly subject to dismissal upon a plea of judicial immunity," judicial immunity is an affirmative defense that does not divest the court of subject matter jurisdiction.  Id.  The Eleventh Circuit also stated in *dictum* that a dismissal "would have been appropriate had [the plaintiff] filed his suit in forma pauperis, pursuant to the frivolity review under 28 U.S.C. § 1915(e)(2)."  Id. n.2.  In Mordkofsky, the plaintiff argued *pro se* that Second Circuit Judge Guido Calabresi violated the plaintiff's constitutional rights by dismissing his appeal.  Id. at 938.  The plaintiff argued that the district court erred in dismissing his complaint because Judge Calabresi "performed a nonjudicial act, not normally performed by a judge, the dismissal did not happen in court or in chambers, and there was no case pending because the defendant had dismissed it."  Id.

The Court finds the present case distinguishable from Mordkofsky.  Unlike Judge Calabresi in Mordkofsky, Judge Jordan and Magistrate Judge Torres are being sued for acts taken while acting in their judicial capacity.  Notably, Judge Jordan is being sued for discretionary rulings made while presiding over the Plaintiff's criminal trial in a case pending over three years.

The Court recognizes that judicial immunity is an affirmative defense to be raised by the Defendants. In this civil suit, the United States Attorney would be required to file an answer on behalf of Judge Jordan and Magistrate Judge Torres. The Defendants, a United States District Judge and a United States Magistrate Judge would be represented by the very same United States Attorney that is currently charged with the task of prosecuting the Plaintiff for federal drug conspiracy charges. In that criminal case, the Plaintiff (the defendant in the pending criminal case) has already unsuccessfully sought Judge Jordan's recusal. Furthermore, a change of counsel in the criminal case has already delayed a trial that is over three years old. To require the U.S. Attorney charged with defending Judge Jordan and Magistrate Judge Torres to formally file a pleading to raise the affirmative defense of judicial immunity - which is clearly available - would thwart the criminal prosecution.

The Court is not implying that the Plaintiff filed this suit solely to hinder his prosecution but merely notes that if the case were filed by a *pro se* prisoner *in forma pauperis*, it would be eligible for dismissal under the frivolity review provided under 28 U.S.C. § 1915(e)(2). Thus, the Court is faced with the absurd result that a detained criminal defendant who has fired his retained attorney can prosecute an obviously frivolous civil suit simply by paying the $350 filing fee. But more importantly, any criminal defendant facing an indictment could delay his own trial by filing a civil suit against the federal judge presiding over his criminal case. Upon filing such a suit, the U.S. Attorney would, by necessity, be involved in defending the suit and raise the affirmative defense of absolute judicial immunity. The defendant in the criminal case would then, through the back door, obtain a continuance of the criminal case. Moreover, the defendant might be able to argue some appearance of impropriety in that the same U.S. Attorney's Office

(albeit a different Assistant U.S. Attorney) defending the judge the defendant sought to recuse is also prosecuting him criminally.

The Court finds that under these unusual circumstances, the affirmative defense of judicial immunity can be raised *sua sponte*. Where a plaintiff sues a federal judge who is, at the time of the suit, presiding over the plaintiff's own criminal case, a court may consider the affirmative defense of absolute judicial immunity on its own. To hold otherwise would allow a multitude of criminal defendants turned civil plaintiffs to impact their own criminal cases at will. Therefore, this case is dismissed.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of August, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Hernan Prada Cortes (No. 79315-004)
c/o F.D.C. Miami
P.O. Box 019120
Miami, FL 33130


Hon. Adalberto J. Jordan
Hon. Edwin G. Torres

Luis Guerra, Esq. (CJA Attorney)